# CHARLESTON.

GARNER v. MARTIN *et al.*

Submitted December 9, 1913.   Decided December 16, 1913,

1. FRAUDULENT CONVEYANCES—*Preferences—Transfer by Insolvent Debtor.*

   A debt, though bona fide, due from one who is insolvent can not be preferred through a transfer of property made by him after the time the debt is contracted. (p. 408).

2. SAME—*Mortgages—Limitations—Deed of Trust—Delivery.*

   A deed is not completely made until it is delivered; so where a deed of trust constituting an unlawful preference, though bearing date long previous, is admitted to record within eight months after its delivery by the grantor, a suit to have it declared an unlawful preference, instituted within four months after the admission to record, is within the limit fixed for such suit by Code 1906, ch. 74, sec. 2. (p. 409).

3. SAME—*Preference—Payments of Pre-existing Debt.*

   The statute embraces within its meaning of unlawful preferences the payment of a bona fide pre-existing debt, when such payment is brought about through the agency of a transfer of property which constitutes an unlawful preference. (p. 409).

Appeal from Circuit Court, Cabell County.

Suit by J. A. Garner against Hall Martin and others. From a decree for plaintiff, defendants appeal.

*Affirmed.*

*J. W. Perry* and *Holt, Duncan & Holt,* for appellants.

*Wilson & Livezey,* for appellee.

ROBINSON, JUDGE:

On April 24, 1909, Davis conveyed to Martin a house and lot in the city of Huntington. A part of the purchase price was left unpaid. No vendor's lien to secure the same was retained in the deed. Martin later became insolvent, owing Garner and others. A deed of trust executed by Martin and wife, conveying the property for the security of the unpaid purchase money debt to Davis, was admitted to record on November 10, 1910. This deed of trust bore the same date as that of the deed from Davis to Martin. The certificates

of acknowledgment to the deed of trust show that Martin acknowledged it on October 10, 1909, and that his wife acknowledged it on November 9, 1910. Martin and wife, on December 5, 1910, conveyed the property to one Sheets, who, as part consideration for the conveyance, paid Davis the debt covered by the deed of trust, and took from him a release of the lien. Garner, claiming that the deed of trust constituted an unlawful preference in favor of Davis, instituted this suit on February 27, 1911, properly making all parties to the transaction defendants. The object of the suit is to set aside the preference which plaintiff claims Davis obtained by the deed of trust and to have the money received by Davis thereunder applied pro rata among all of Martin's creditors.

Davis answered that the deed of trust did not constitute an unlawful preference—that it was executed at the time the debt secured by it was contracted, and was therefore within the saving of the statute. None of the other defendants answered. Though plaintiff replied generally to the answer and filed the depositions of several witnesses, no evidence was offered in contradiction thereto. The court granted the relief prayed for by plaintiff, and Davis has appealed.

Appellant submits that the deed of trust secured a bona fide debt contracted at the time the deed of trust was made, and that therefore by the proviso of the statute, Code 1906, ch. 74, sec. 2, it did not constitute an unlawful preference. But it clearly appears from the evidence that the deed of trust was not made and delivered until long after the debt undertaken to be preferred thereby had been contracted. Nothing in the case except the mere date of the deed of trust tends to support appellant's contention that it was made at the time the debt was contracted. The presumption arising from the date of the instrument is fully overcome by facts and circumstances in evidence showing that the deed of trust was not delivered so as to become operative until long after the debt was contracted and after Martin had become hopelessly insolvent. Indeed it is not even shown that a security for the debt was contemplated when the debt was contracted. From the facts and circumstances proved it would clearly seem that the making of this deed of trust was conceived long after the time of the date of the same. A debt, though bona

fide, due from one who is insolvent can not be preferred through a transfer of property made by him after the time the debt is contracted. *Feeley* v. *Bryan,* 55 W. Va. 586.

It is contended that the suit is barred by the statutory limit. But the evidence proves beyond question that the instrument was not delivered to appellant or to the trustee and thus made a complete, effective transfer until the fall of 1910. We shall not dwell on the evidence. The testimony of Martin and that of his wife can not be misunderstood in this particular. The facts and circumstances proved by plaintiff are quite conclusive. Why did not appellant avail himself of the opportunity to prove otherwise? He was à party to the transaction and knew the date of the actual delivery of the deed. His silence in the face of what has been proved means something. It virtually confesses the fact that the delivery of the deed of trust was in the fall of 1910. The date of the deed of trust and of Martin's acknowledgment thereto are unimportant, since the evidence shows that 'the instrument was not delivered until long after the time of either. All that has been argued as to the inadmissibility of parol evidence to show a mistake made by the notary in writing 1909 for 1910 in the date of Martin's acknowledgment is wholly immaterial. A deed is not completely made until it is delivered by the grantor as such. The statute says that if the transfer is admitted to record within eight months after it is made, the suit to declare it an unlawful preference shall be instituted within four months after the admission to record. Code 1906, ch. 74, sec. 2. Now, this deed of trust was admitted to record within eight months after the time that the evidence shows it was delivered by the grantor—in other words within eight months after it was made; and the suit was instituted within four months after the admission to record. So the suit is within the time prescribed by the statute.

Again it is contended that the statute against preferences does not embrace the payment of a bona fide debt within the meaning of preferences. Yet it does, when the payment is brought about through the force of a transfer constituting an unlawful preference. The statute directly prohibits the securing of a pre-existing debt through any transfer by an insolvent debtor if the same operates as a preference over other

creditors. Then˙ surely . a creditor obtaining payment of his debt through the agency of any such unlawful transfer may be made to share pro rata the money so received with the other creditors of the insolvent. It was simply meant that one creditor of an insolvent debtor should not get his money in preference to other creditors by a transfer of property made . by the insolvent to secure a pre-existing debt. The statute may therefore be invoked either before or after a preferential transfer by an insolvent has fully attained the purpose for which it was made. *Wolf* v. *McGugin,* 37 W. Va. 552; *Drug Co.* v. *Falconer,* 52 W. Va. 581.

Let an order be entered affirming the decree.

*Affirmed.*